IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-82-BO

| | | |
|---|---|---|
| REINALDO OLAVARRIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| WAKE COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES (WCDSS) and | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| Defendants. | ) | |

This cause comes before the Court on motions to dismiss filed by defendants. Plaintiff has responded and the time for filing a reply has expired. In this posture, the matters are ripe for ruling and, for the reasons that follow, plaintiff's complaint is hereby dismissed.

BACKGROUND

Plaintiff, who is proceeding in this action *pro se*, has filed a complaint [DE 8] against defendants captioned "Appeal from Two Hearings and Appeals Decisions of the NCDHHS Case MQB-Q-224497199 Case FNS-221118851." Plaintiff seeks "[f]ederal review of two decisions by the Wake County Department of Human Services that were ruled upon by the North Carolina Department of Health and Human Services through two" above-referenced cases. [DE 8 p. 2]. Plaintiff alleges that the cases had similar issues, were filed concurrently as an appeal by plaintiff, but were heard on separate occasions. Plaintiff contends that the issues in the underlying cases are identical because they regard the failure of defendants to follow the public laws and policies set forth by SNAP (Supplemental Nutrition Assistance Program) and Medicaid. Plaintiff alleges that federal court intervention is needed because the matters concern federal issues and federal law. In support of his allegation of federal jurisdiction, plaintiff cites the Agricultural Act of 2014 (2014 Farm Bill), P.L. 113-79; Title XIX of the Social Security

Act; the Affordable Care Act, P.L. 111-148; the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the Americans with Disabilities Act.

Plaintiff alleges that the defendants are not properly utilizing the adjusted gross income and modified adjusted gross income of applicants, as is now required under the Affordable Care Act, to determine their eligibility for SNAP and Medicaid programs. Plaintiff alleges that because of this error he was denied full, instead of partial, Medicaid and SNAP benefits. Plaintiff seeks relief in the form of $1.5 million in general, special, compensatory, and punitive damages.

## DISCUSSION

Defendants North Carolina Department of Health and Human Services (NCDHHS) and Wake County Department of Social Services (WCDSS) have both moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Both defendants argue that plaintiff has failed to exhaust his administrative remedy, depriving this Court of subject matter jurisdiction, and that plaintiff has otherwise failed to state a claim upon which relief can be granted.[1]

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint

---

[1] Defendant NCDHHS also challenges service under Rule 12(b)(5) and thus personal jurisidiction under Rule 12(b)(2). Because the Court has determined that it lacks subject matter jurisdiction over the complaint and that plaintiff has otherwise failed to state a claim, the Court need not determine whether NCDHHS has been properly served.

2

alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). But "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Even granting plaintiff's complaint liberal construction as is required, this lawsuit is plainly an attempt to appeal the NCDHSS decisions which found plaintiff eligible for SNAP and Medicaid benefits, though not the particular benefits to which he claims he is eligible based upon his reading of applicable laws.

North Carolina has elected to participate in the federal Medicaid program, and federal law instructs participating states on the specific requirements for administering Medicaid appeals. *See, e.g.*, 42 C.F.R. § 431.205. Federal regulations further govern requirements for administering SNAP benefits, including the provision of fair hearings to determine eligibility. *See* 7 C.F.R. § 273.15. In North Carolina, a person seeking to participate in a public assistance

3

programs, including Medicaid and food and nutrition services, must apply through his or her county social services department. *See, e.g.,* N.C. Gen. Stat. §§ 108A-52; 108A-70.31. Appeals of decisions by county departments are heard by the State of North Carolina Department of Health and Human Services. *Id.* § 108A-79. State law provides for a full appeal system for recipients of public assistance, including appeal to the North Carolina Superior Courts. *Id.*

As provided by North Carolina's Administrative Procedures Act (APA), "in order to seek judicial review of an adverse administrative decision, a party must show: (1) the party is an aggrieved party; (2) there is a contested case; (3) there has been a final agency decision; (4) all administrative remedies have been exhausted; and (5) no other adequate procedure for judicial review is provided by another statute." *Shell Island Homeowners Ass'n, Inc. v. Tomlinson*, 134 N.C. App. 217, 221 (1999). The failure to exhaust an administrative remedy under North Carolina's APA deprives a court of subject matter jurisdiction. *Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 628 (M.D.N.C. 2005). Although plaintiff states in his complaint that he did exhaust his administrative remedies, he also states that although he could have appealed the decisions he challenges to the North Carolina Superior Court, he chose not to. Accordingly, plaintiff was clearly on notice of the appropriate procedure for appeal, he merely elected not to follow it. Indeed, the procedure for appeal was clearly provided in the decisions of which plaintiff seeks review in this Court. [DE 24-1; 24-2].

While there are exceptions to the exhaustion requirement where it would be futile or inadequate, plaintiff has failed to adequately allege circumstances in his complaint which would support a determination that exhaustion would be futile or inadequate in this case. *See Googerdy*, 386 F. Supp. 2d at 628. Plaintiff baldly states in his response to the motions to dismiss that exhaustion would be futile because the state and county have refused to change their policy, and

4

Case 5:21-cv-00082-BO   Document 28   Filed 10/19/21   Page 4 of 5

points to other litigation he claims demonstrates that the state and county have failed to abide by the Affordable Care Act and Medicaid mandates. However, that plaintiff claims the defendants having incorrectly interpreted the law does not render his appeal to the North Carolina Superior Court futile, nor does other litigation which concerns Medicaid eligibility requirements.

To the extent plaintiff has alleged federal claims not subject to exhaustion under North Carolina's APA, *see Hawkins v. Cohen*, 327 F.R.D. 64, 73 (E.D.N.C. 2018), those claims are appropriately dismissed for failure to state a claim. For example, although plaintiff cites to the Fourteenth Amendment and the Americans with Disabilities Act, he fails to allege any specific conduct by these defendants which would support a claim arising under the Constitution or federal law. Plaintiff's conclusory statements that defendants have improperly decided his Medicaid and SNAP eligibility do not, without more, allow the Court to infer more than the mere possibility of misconduct. Plaintiff's complaint is therefore also appropriately dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions to dismiss [DE 21 & 23] are GRANTED. Plaintiff's complaint is dismissed in its entirety WITHOUT PREJUDICE and the clerk is directed to close the case.

SO ORDERED, this _19_ day of October, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE